REQUESTED BY: Dear Senator Brennan:
This is in response to your request for an opinion concerning the scope of a recent Nebraska Supreme Court case,Wentz Heating Air Conditioning Co. v. Kiene, 202 Neb. 202, N.W.2d (1979). We understand that your request involves a legislative purpose, as the issue raised herein may potentially be the subject of proposed legislation.
Wentz, supra, held that an employee, who refuses an employment offer due to a union work list rule, is thereby barred from receiving unemployment compensation benefits. You have inquired as to the effect of this decision in `written referral procedures' which may be contained in collective bargaining agreements. In other words, you have inquired whether an employee, who refuses an employment offer because of a `written referral procedure' or a work list rule which is embodied in a collective bargaining agreement, would thereby be precluded from receiving unemployment compensation benefits.
You noted that certain language in the case, indicates that the court may have reached a contrary conclusion if the work list rule was included in the collective bargaining agreement. However, you state that the concluding remarks of the opinion are susceptible to a different interpretation.
Upon articulating the issue presented, the court inWentz, supra, stated:
 "We first examine the collective bargaining agreement and the evidence with respect to it to determine whether Wentz agreed to or took any action with respect to the work list practice of the union such as might estop or prohibit it from challenging the continued payment of benefits. . . ." Id. at 204.
The court noted that the collective bargaining agreement did not mention a work list procedure nor was there any evidence that the employer knew or acquiesced in the use of such a procedure. The court stated:
 ". . . We find nothing in either the collective bargaining agreement or in the acts and conduct of the employer and the union to justify a finding that the union's work list rule was the hiring practice agreed to by both parties, especially with respect to an employer's request for a specific worker. There is nothing in either the agreement or the conduct of the employer and the union which would estop or prohibit the employer from raising the question of Kiene's right to subsequent unemployment benefits." Id. at 205.
The court then turned to the issue of whether or not the defendant was entitled to unemployment compensation benefits, pursuant to section 48-628, R.R.S. 1943. The court concluded that the defendant was no longer entitled to benefits. The court further stated:
 "We believe the trial court was in error in suggesting this situation is solely between the employer and the union because they have a collective bargaining agreement. This case involves the rights and limitations to unemployment compensation which are not a part of any agreement between the employer and the union but are created and defined by the statute. The case must be decided in that context." Id. at 209.
In our opinion, this case does not affect the status of written referral or work list procedures included in collective bargaining agreements. The right to unemployment compensation benefits is statutory, therefore the existence of that legal right in a particular situation is determined by analyzing the statute creating and defining that right rather than a collective bargaining agreement. However the substance of the agreement may be determinative of the employer's ability to challenge the continued receipt of benefits.
An employer who enters into a collective bargaining agreement which establishes an out of work list procedure is bound thereby. If the employer offers reemployment to a prior employee in violation of the agreement, he cannot then challenge the continuation of unemployment benefits to such employee who refused the offer in reliance on the agreed upon procedure. This prohibition is premised on notions of estoppel, which in a general sense, operate to preclude or bar a person, who by his deed or conduct induces another to act in a particular manner, from adopting an inconsistent position which causes loss or injury to the other. The purpose of estoppels is to prevent inconsistency and fraud resulting in injustice, but estoppel does not make valid the thing complained of, it merely precludes the complainant from asserting it. 31 C.J.S. Estoppel, § 1, p. 288.
In our opinion, if an employee refuses an offer of reemployment made by an employer in violation of a procedure articulated in a collective bargaining agreement, the employee is not there by precluded from receiving unemployment compensation benefits.